FOWLER AS AD. ET AL. VS. BYERS AS AD.

A Circuit Judge is not disqualified to preside, where he is related by affinity within the constitutional degrees, to one of the parties in a cause, who is merely a trustee, and has no interest in the determination of the cause.

A decree of foreclosure of a mortgage should fix some certain time, within which the amount decreed against the property, with interest and cost, might be paid, in default whereof the sale to be made.

*Appeal from the Circuit Court of Independence County in Chancery.*

Hon. BEAUFORT H. NEELY, Circuit Judge.

FOWLER, for the appellants, contended that the circuit judge was disqualified to act by the constitution and the laws. *Kelley et*

*al. vs. Neely,* (*Judge*) 12 *Ark. Rep.* 657. That the decree was rendered for more than was due on the debt. That the decree does not direct that the lands be sold in the order prescribed in the opinion of this court. That the decree should have been, that unless the amount should be paid by a certain day, the mortgage be foreclosed, and a sale take place, &c. *Downing vs. Palmateer,* 1 *Mon. Rep.* 67 ; *Martin vs. Wade,* 5 *ib.* 80 ; 6 *ib.* 253 ; *Davis vs. Phelps,* 7 *ib.* 637.

WM. BYERS, for appellees. We insist that this case is not within the spirit or meaning of our constitution and statute: 1st. Because the decree in fact was rendered by the Supreme Court, and the Circuit Court was directed to enter it : 2d. Because Egner had no interest in the suit. He was a mere nominal party without interst.

Mr Justice SCOTT delivered the opinion of the Court.

This cause was decided here, at the July term, 1853, (*Byers adm. vs. Fowler as adm. et al.,* 14 *Ark. R.* 87,) and was remanded to the Independence Circuit Court in Chancery, with instructions to enter up a decree in accordance with the opinion then delivered, and to execute it accordingly. At the March term of that court, the mandate of this court was filed and a decree . was entered up on the 20th of that month, against the objection and protest of the defendants, who have brought the case here again by appeal. The objection against the presiding judge was, that his present wife is a niece, to wit : the daughter of the sister of the whole-blood of the present wife of Joseph H. Egner, one of the defendants below.

We thing there is nothing in the objection, because of Egner's want of interest in the controversy ; the complainants seeking no decree against him personally, nor against any thing in which he had any interest. He being but a trustee, holding the mere naked legal title of a portion of the lands proceeded against.

The decree, however, is erroneous in failing to conform to the opinion of this court, in several particulars.

1st. It is excessive in amount, by the sum of upwards of $24, by any plausible mode of computing the interest, and by the sum of upwards of $164, by the proper mode, according to the computations of the clerk of this court; which, upon examination, we have found correct.

2d. It fails to direct that the lands conveyed by Fowler and wife to Denton, in trust, (which lands are not included in the mortgage to Cox) shall, in the order of conducting the sale, be first exposed. Then secondly, all the mortgaged lands, except the tracts conveyed to Ruddell. Then thirdly, these last mentioned lands. But the two former are placed upon one common footing : no such discrimination being made between them, as to the order in which they shall be exposed to sale, as was directed by the opinion of this court. But this is in no way injurious to Ruddell, and, therefore, no ground of reversal.

The decree is also defective in failing to fix some certain time, within which the amount decreed against the lands, with interest and costs, might be paid, in default whereof, the sale to be made.

Under this state of things, we feel bound to set aside this decree, at the cost of the appellee, and shall direct a final decree to be entered up in this court, such as the Circuit Court of Independence county ought to have entered up, and cause the same to be certified to that court under the provisions of the statute, (Digest, ch. 28, p. 244) at the costs of the appellants, to be paid out of the proceeds of the sale, like all other costs, except that for this erroneous decree now reversed.

Absent, Mr. Justice Walker.